

**U.S. Department of Justice**

Tax Division

*Please reply to: Appellate Section*
P.O. Box 502
Washington, D.C. 20044

Facsimile No. (202) 514-8456
Telephone No.(202) 514-3361

MJH:EPD:MSJohnshoy
5-25289
CMN 2025100485

August 19, 2025

*By CM/ECF*
Hon. Susan E. Bindler
Clerk, U.S. Court of Appeals for the
 Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street
St. Louis, MO 63102

    Re:   *Nate Maniktala v. Commissioner*
          (8th Cir. – No. 25-1366)

Dear Ms. Bindler:

    We respond to appellant's letter regarding *Buller v. Commissioner*, No. 24-1557 (2d Cir. Aug. 14, 2025), which presents the same issue as this appeal. The Second Circuit departed from long-standing precedent holding that I.R.C. § 6213(a)'s deadline for filing a Tax Court petition is jurisdictional. It followed *Culp v. Commissioner*, 75 F.4th 197 (3d Cir. 2023), which alone had held Section 6213(a)'s deadline is a non-jurisdictional claims-processing rule.

    Although a statute need not "'incant magic words'" to restrict jurisdiction (slip op. 6), the Second Circuit put countervailing weight on the absence of the word "jurisdiction" in the sentence imposing the deadline (*id*. 8). It also did not adequately consider the interlocking statutory scheme, which loses coherence if Section 6213(a)'s deadline is non-jurisdictional. For example, it made light of the line drawn in Section 7459(d): the Tax Court's dismissal for lack of jurisdiction is not a binding decision on the merits, whereas a dismissal after the court has jurisdiction is a final decision on the merits. Thus, if § 6213(a)'s deadline is jurisdictional, the untimely taxpayer who lacks grounds for tolling will also lose any future liability challenge—an adverse result for taxpayers Congress did not intend.

The *Buller* court also rejected our alternative argument that Section 6213(a) is not susceptible to tolling because it is like Section 6511(a), which cannot be tolled. The court reasoned that Section 6213 has only "'three'" statutory exceptions compared Section 6511's "'six.'" (Slip op. 12.) That is inaccurate. The exceptions within § 6213(a) are: a longer deadline for taxpayers outside the U.S.; three amendments that collectively excluded weekends and holidays from counting "as the last day"; and treatment of petitions as timely if filed by the last date stated on the notice of deficiency. Furthermore, Section 6213(f) suspends the deadline in the event of a bankruptcy filing, Section 7451(b)(1) tolls the deadline when "a filing location is inaccessible," Sections 7508(a)(1) and 7508A(a)(1) grant exceptions for service members in designated combat zones and taxpayers in federally declared disaster areas, and Section 7502(a) means the date of mailing is often the "date of filing."

Sincerely,

/s/ Matthew S. Johnshoy
MATTHEW S. JOHNSHOY
Attorney for the Commissioner

## CERTIFICATE OF SERVICE

 I hereby certify that on August 19, 2025, I electronically filed the foregoing letter with the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system, by operation of which all registered ECF users will be served.

           */s/ Matthew S. Johnshoy*
           MATTHEW S. JOHNSHOY
           *Attorney*